**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00618-RSE**

**YAZAN A.**                                                                                                     **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security*                                                    **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

The Commissioner of Social Security denied Claimant Yazan A.'s application for supplemental security income benefits. Claimant seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), filing a fact and law summary and brief. (DN 17; DN 18). The Commissioner responded in a fact and law summary, (DN 19), and Claimant replied (DN 20).

The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 21; DN 22).

### I. Findings of Fact

Claimant Yazan A. ("Claimant") applied for supplemental security income under Title XVI of the Social Security Act in May 2023, with an alleged disability onset date of May 25, 2023. (Transcript, hereinafter, "Tr." 511-22). His application was denied by the State agency Disability Determination Service at both the initial and reconsideration levels. (Tr. 383, Tr. 388).

At Claimant's request, Administrative Law Judge Steven Collins ("ALJ Collins") conducted an in-person hearing on June 26, 2024, at which both Claimant and a vocational expert

("VE") testified. (Tr. 43-61). A translator was also present and participating in the hearing. (*Id.*).

Claimant's attorney representative began the hearing with an opening statement. (Tr. 50). She stated that Claimant's disability is related to his vision, as he has lost one eye and experiences blurry vision in the other. (*Id.*). She added that Claimant has pressure issues that impair his acuity "across the board[.]" (*Id.*). The ALJ then began questioning Claimant, who testified as follows. He lives with his spouse and their three children under the age of eighteen. (Tr. 50-51). He has a high school education and but did not complete university, where he was studying law. (*Id.*). He can read and understand English "a little bit" and has difficulty writing in English. (*Id.*). He has not worked for monetary compensation in the last five years. (*Id.*).

Claimant next testified about his impairments related to his vision and the loss of his left eye. He experiences pressure and pain around his left eye, usually three times a day. (Tr. 51-52). It is affected by the weather, typically the sun or extreme cold, or how tired he is. (*Id.*). To alleviate the pain and pressure, he takes pain medication, sleeps or rests, lifts his head up, and avoids "having a lot of noise around" him. (Tr. 53-54). As for his right eye, he uses prescribed glasses and gets blurry vision but can drive, watch TV, and use his phone. (*Id.*). He takes the glasses off at home, as he finds they cause dizziness and vision issues after a time. (*Id.*). He has been wearing the same prescription for a long time. (*Id.*). He can wash and dress himself as well as help around the house, but experiences dizziness and blurry vision if he is "in the restroom with a lot of hot water" or carrying things approximately twenty-five pounds or greater. (Tr. 54-56).

On October 21, 2024, ALJ Collins issued a decision finding that Claimant was not disabled. (Tr. 27-37). In applying the five-step sequential analysis from 20 C.F.R. § 404.1520(a), ALJ Collins found as follows. First, Claimant has not engaged in substantial gainful activity since May

25, 2023, the application date. (Tr. 32). Second, Claimant has the following severe impairment: neuroblastoma of the left eye status/post left eye removal. (*Id.*). Third, none of Claimant's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). Fourth, ALJ Collins found Claimant has the residual functional capacity ("RFC") to perform light work with the following limitations:

> he should never climb ladders, ropes, or scaffolds. He should avoid all exposure to dangerous machinery and unprotected heights. He should not perform work that requires precise depth perception (such as threading a needle), peripheral vision on the left side, or fine near vision (such as threading a needle). He should not have exposure to unusually bright or strobe-type lighting (such as spotlights), and the work environment should be rated at the moderate noise level or less as defined by the Selected Characteristics of Occupation Titles.

(Tr. 33). Finally, at step five of his analysis, ALJ Collins determined that Claimant has no past relevant work and can perform other work including cleaner, laundry worker, and cashier II, each of which have or exceed 20,000 jobs available in the national economy. (DN 35-36).

Claimant appealed ALJ Collins' decision, and the Appeals Council declined review. (Tr. 10-12). At that point, ALJ Collins' decision became the final decision of the Commissioner, and Claimant sought judicial review from this Court pursuant to 42 U.S.C. § 405(g). (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-4 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant

numbers in the national economy. *Id*. at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 495(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

When the Court reviews the Administrative Law Judge's application of legal standards, the decision is reviewed for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Accordingly, when an Administrative Law Judge fails to adhere to the appropriate rules and regulations, remand is warranted if "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

4

### III. Conclusions of Law

Claimant contends that the RFC is unsupported by substantial evidence and that ALJ Collins' RFC assessment does not comport with the applicable regulations. (DN 18, at PageID # 896). First, Claimant submits that ALJ Collins erroneously rejected all the medical opinions of record and "substituted his own lay opinion for that of a qualified medical professional" in crafting the RFC and accounting for Claimant's neuroblastoma. (*Id.* at PageID # 897-98). In doing so, Claimant explains, ALJ Collins failed to explain "what specific medical evidence [the] functioning terms in the RFC determination were based on." (*Id.* at PageID # 899). Finally, Claimant avers that ALJ Collins failed to develop a complete record and should have re-contacted his treating physicians and ordered a consultative exam. (*Id.* at PageID # 901-02).

In response, the Commissioner contends that ALJ Collins properly evaluated Claimant's impairments and the medical evidence of record in crafting the RFC. (DN 19, at PageID # 905). First, the Commissioner contends that ALJ Collins was not required to rely on a medical opinion to formulate Claimant's functional limitations in the RFC. (*Id.* at PageID # 906-07 (collecting cases)). Next, the Commissioner submits that ALJ Collins' decision demonstrates that he "conducted a fulsome review" of all the evidence of record and explained what evidence supported the RFC. (*Id.* at PageID # 909-10). Further, to the extent Claimant contends ALJ Collins was impermissibly playing doctor, the Commissioner submits that ALJ Collins was actually considering the medical data as interpreted by the reading radiologist and it was within her authority to do so. (*Id.* at PageID # 910). As for Claimant's contention regarding ALJ Collins' duty to develop a complete record, the Commissioner contends that ALJ Collins' decisions to re-contact a treating source and/or to order a consultative examination are discretionary and no error results

from his failure to do so. (*Id.* at PageID # 911-12). In full, the Commissioner argues that Claimant's alleged errors amount to "a backdoor attempt" to ask the Court to impermissibly reweigh the evidence and that ALJ Collins' decision should be affirmed. (*Id.* at PageID # 910-11).

On reply, Claimant distinguishes his case from those upon which the Commissioner relies because here, Claimant contends, ALJ Collins formulated a "detailed, highly specific RFC" accounting for vision related functional limitations "without articulating what evidence in the record supports each particular limitation." (DN 20, at PageID # 914-15). Moreover, Claimant contends that the Commissioner overlooks Claimant's argument that ALJ Collins' decision fails to build an accurate and logical bridge to support the inclusion of the specific vision-related restrictions incorporated into the RFC. (*Id.* at PageID # 915). Claimant adds that ALJ Collins' RFC assessment is insufficient and fails to demonstrate a "fulsome review" because he was obligated "to explain what specific evidence supports each RFC limitation." (*Id.* at PageID # 915-16). Accordingly, Claimant submits that remand is warranted. (*Id.*).

A claimant's RFC is defined as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). In other words, the RFC is the most a claimant can do despite their physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ bases their RFC determination on "all of the relevant medical and other evidence" in the case record. *Id.* (a)(3). This requires the ALJ to evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

"The Sixth Circuit has 'stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from

6

raw medical data.'" *Guido v. Comm'r of Soc. Sec.*, No. 13-cv-1350, 2014 WL 4771929, at *12 (E.D. Mich. Sep. 24, 2014) (quoting *Wyatt v. Comm'r of Soc. Sec.,* No. 12–11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013)). Yet, while some medical evidence must support the RFC, an ALJ is not required to base an RFC on a corresponding medical opinion. *See Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020); *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) ("No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding."); *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401-02 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

Within the Sixth Circuit, significant case law "supports the principle that when the evidence of physical impairment is more than minimal, an independent determination of functional limitations by the ALJ is not supported by substantial evidence and a medical opinion is required." *Aarron D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00588-CHL, 2024 WL 1288230, at *4 (W.D. Ky. Mar. 26, 2024) (collecting cases). It is only in situations where "the medical evidence shows relatively little physical impairment" that "an ALJ may make a 'commonsense judgment about functional capacity [] without a physician's assessment[.]'" *Id.* (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008)). This rule narrowly applies when (1) an ALJ crafts the RFC based on no medical source opinion, or (2) an ALJ crafts the RFC "based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11 (E.D. Ky. Feb. 6, 2019) (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15

(N.D. Ohio Mar. 27, 2013)).

Here, ALJ Collins discussed four medical opinions of record in evaluating Claimant's RFC. The first two came from state agency physicians, Drs. Daniel Meece and Paul McLaughlin. (Tr. 384-87; Tr. 389-94). Both opined that Claimant did not present a severe impairment or condition warranting work related limitations. (*Id.*). As such, neither articulated an assessment of Claimant's RFC. In finding their opinions unpersuasive, ALJ Collins reasoned that the medical records upon which they relied documented "some impairment due to the issues in [C]laimant's remaining eye," but they nonetheless assessed "no limitations based on those observations[.]" (Tr. 34).

The latter two opinions came from Claimant's treating physicians, Drs. Yassin Khattab and Aaron Smith. (Tr. 690; Tr. 691-703; Tr. 747). Both opined that Claimant was disabled but did not set forth a residual functional capacity or articulate any form of functional limitations. They simply opined that Claimant's impairments rendered him unable to work. (*Id.*). ALJ Collins briefly touched on their opinions in the RFC assessment and expressly declined to consider either based upon their conclusory statements about Claimant's ability to work, "encroach[ing] on matters reserved to the Commissioner." (Tr. 35).

It appears that the RFC was crafted without the benefit of any medical source opinion in the record articulating Claimant's functional limitations. ALJ Collins represented that he "carefully read and considered all evidence of record" and found the RFC to be consistent with "the appropriate medical findings and overall evidence in the record[,]" rather than the four medical opinions he found unpersuasive and/or rejected as well as Claimant's subjective statements about his impairments. (Tr. 35). A review of the record reveals that the four opinions

ALJ Collins found unpersuasive and/or rejected, while not the only medical evidence of record, are the only medical opinions. Even if ALJ Collins presented good reasons for refusing to afford any of the opinions weight, or accepted and found any of the opinions persuasive, none of the opinions presented spoke to Claimant's functional limitations, leaving ALJ Collins without any opined limitations to consider in crafting the RFC.

Nor did ALJ Collins expressly cite medical records that demonstrate Claimant can perform in accordance with the limitations incorporated in the RFC. Thus, the Court can only surmise that ALJ Collins formulated the RFC based upon his own interpretation of Claimant's medical findings. *See, e.g.*, *Falkosky v. Comm'r of Soc Sec.*, No. 1:19-cv-2632, 2020 WL 5423967, at *8 (N.D. Ohio Sep. 10, 2020) (finding ALJ erred crafting RFC without any medical opinion on claimant's functional limitations or reliance on medical records demonstrating claimant's functional abilities); *Tomford v. Comm'r of Soc. Sec.*, No. 13-11140, 2014 WL 764685, at *15 (E.D. Mich. Feb. 25, 2014) (finding ALJ erroneously crafted the RFC upon his own interpretation of the medical evidence where he rejected the medical opinions of record and claimant's subjective statements about his functional limitations but did not order an additional medical source opinion).

While ALJ Collins is not required to adopt any opined limitation verbatim or find a medical opinion consistent with the record to formulate an RFC supported by substantial evidence, he is required to consider a medical opinion that proffered some articulation as to Claimant's functional limitations or rely on medical evidence demonstrating such limitations. *See Inks v. Comm'r of Soc. Sec.*, No. 5:22-CV-01742, 2024 WL 1514533, at *12 (N.D. Ohio Apr. 8, 2024) ("the Sixth Circuit has rejected the argument that [an RFC] cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ" (internal quotations omitted)); *Aloyo*

*v. Kijakazi*, No. 1:23-cv-00051, 2024 WL 1297612, at *5 (M.D. Tenn. Mar. 26, 2024) ("Nevertheless ... there is an abundance of case law from this circuit suggesting that an ALJ must generally obtain a medical expert opinion before including functional limitations in the RFC unless the ALJ can render a commonsense judgment about functional capacity based on evidence that shows relatively little impairment." (quoting *Johnson v. Saul*, No. 1:18-0041, 2019 WL 3647058, at *4 (M.D. Tenn. July 19, 2019) (internal quotation omitted))). The present record does not appear to contain such opinions or other medical evidence. Under such circumstances, ALJ Collins was obligated to re-contact Claimant's treating physician, order a consultative examination, or have a medical expert testify at the hearing. *Aloyo*, 2024 WL 1297612, at *5 (citing *Timothy R. J. v. Comm'r of Soc. Sec.*, No. 3:22-cv-216, 2023 WL 2258524, at *4 (S.D. Ohio Feb. 28, 2023)). And if there were such evidence in the record, ALJ Collins did not cite it in the RFC assessment "and, thereby, failed to build a logical bridge between the evidence and his RFC finding." *Falkosky*, 2020 WL 5423967, at *8.

A finding that Claimant is not disabled may still be appropriate. Currently, however, that finding is erroneous upon the record as evaluated by the ALJ. The RFC determination is not supported by substantial evidence. And ALJ Collins' failure to cite such evidence renders an RFC assessment that fails to create a logical bridge between the evidence and the result. Accordingly, remand is necessary to obtain a proper medical source opinion and a redetermination of Claimant's RFC.

## ORDER

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further administrative proceedings. On remand, the Administrative Law Judge shall further obtain a proper medical source opinion and consider that opinion at Step Four and at all other steps of the evaluation. The ALJ may take any further action necessary to complete the administrative record, offer Claimant a new hearing, and issue a new decision. This is a final and appealable Order and there is no just cause for delay.

July 28, 2026

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:        Counsel of Record

11